STATE BOARD OF REGISTRATION FOR the HEALING ARTS OF MISSOURI, Respondent,

v.

Alan F. DE VORE, Appellant.

No. KCD 26287.

Missouri Court of Appeals, Kansas City District.

Oct. 7, 1974.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 2, 1974.

Application to Transfer Denied Jan. 13, 1975.

Arthur A. Benson II, Kansas City, for appellant.

John C. Danforth, Atty. Gen., of Mo., Jefferson City, Albert J. Stephan,. Jr., St. Louis, for respondent.

Before PRITCHARD, P. J., SOMERVILLE, J., and WILLIAM J. MARSH, Special Judge.

WILLIAM J. MARSH, Special Judge.

This is an appeal from the judgment of the Circuit Court of Cole County reversing the decision of the Administrative Hearing Commission and involves administrative proceedings conducted and reviewed in accordance with §§ 161.252 through 161.342 and §§ 536.100 through 536.140 (all statutory references being to RSMo 1969, V.A. M.S., unless otherwise indicated). Our review is authorized and governed by Mo. Const. Art. V, § 3; § 536.140; Bittiker v. State Board of Registration for the Healing Arts, 404 S.W.2d 402, 404[1] (Mo. App.1966).

Appellant, an osteopathic physician, was licensed to practice in Missouri in September 1948. Thereafter, appellant was licensed to practice and practiced in other states including, Michigan, Georgia, Texas and Kentucky.

In March of 1951, appellant was convicted on his plea of guilty to a charge of unlawfully selling fifty grams of morphine in violation of 26 U.S.C. § 2554(a) (I.R.C. 1939) now 26 U.S.C. § 4705) in the United States District Court for the Eastern District of Michigan. Imposition of sentence was suspended and appellant was placed on probation for two years. Appellant successfully completed the period of probation adjudged.

In November of 1964, appellant was convicted in United States District Court for the Southern District of Texas, Brownsville Division, on his plea of guilty to a charge of introducing quantities of misbranded drugs with the intent to defraud and mislead persons and members of the general public into interstate commerce in violation of 21 U.S.C. § 331(a). Appellant was sentenced to a term of three years in prison and a fine of $2,500.00 was imposed. Execution of the sentence of imprisonment was suspended and appellant was placed on probation for a period of five years on the further condition that appellant pay the fine imposed. Appellant satisfied the conditions of that probation, which was terminated November 19, 1969.

It appeared that since 1964, appellant practiced in Georgia for a period of time, served substantial periods of residencies in pathology at medical institutions in New York and New Jersey, completed a twenty-four month period of service as a pathology resident and instructor at Creighton University School of Medicine at Omaha, Nebraska, and became a member of the staff of the Winfield State Hospital and Training Center at Winfield, Kansas, and has not engaged in any unlawful or immoral conduct since 1964, but has been a moral, law-abiding citizen since that time. It further appeared that appellant's licenses in Georgia, Texas and Kentucky have been terminated.

No Missouri annual certificates of registration for the fiscal years of 1967–1968 and 1968–1969 were issued appellant. A meeting with the State Board of Registration for the Healing Arts in March 1969 resulted in the Board's declination to issue appellant such a certificate.

In October of 1969, a hearing was had before the Administrative Hearing Commission on the Board's complaint on the issue of whether appellant's Missouri license should be suspended or revoked in accordance with § 161.282. Appellant did not appear in person or by attorney. On the evidence presented, the Administrative Hearing Commission found that between April 1, 1962 and March 20, 1964, and in the territorial jurisdiction of the United States District Court for the Southern District of Texas appellant conspired to sell and sold a clear liquid in glass ampoules and vials represented to be useful and helpful in the treatment and therapy of certain medical conditions including cancer, tuberculosis and leprosy knowing such liquid was not useful and helpful in the treatment of the diseases; that on November 18, 1964 appellant was convicted of the felony of the interstate sale of misbranded drugs with intent to defraud and mislead persons and

members of the general public and that on January 12, 1951, appellant unlawfully sold fifty grams of morphine within the territorial jurisdiction of the United States District Court for the Eastern District of Michigan. The Commission concluded that such conduct constituted dishonorable and unprofessional conduct proscribed by § 334.100 and recommended that appellant's license be revoked. In January of 1970 the respondent Board revoked appellant's license. Appellant did not seek judicial relief from either decision and order.

An exchange of correspondence between appellant and the Board regarding appellant's obtaining licensure followed and continued until January 13, 1972. On that date appellant was advised that the Board had decided to take no action on appellant's request for licensure. Appellant then wrote the Administrative Hearing Commission stating the Board's decision to take no action on this request for licensure. The Commission treated appellant's letter as a complaint in accordance with § 161.302 and set the matter for hearing. Respondent filed a motion to dismiss the cause for the reason that the letter failed to state the facts upon which a claim for relief may be granted under § 161.302 and Rules 3.00 and 3.01 of the Administrative Hearing Commission. Prior to the hearing, appellant wrote another letter to the Commission setting forth, in considerable detail, facts of his original licensure, his subsequent practice, his involvement in the heretofore mentioned crimes and the results thereof, the Board's revocation of his license and his subsequent unfruitful efforts to regain licensure. This letter was accepted and filed by the Commission as an amended complaint. Immediately prior to the hearing conducted on February 25, 1972, the respondent withdrew its motion to dismiss which was directed to appellant's first letter to the Commission, filed as the complaint originating the proceedings.

The foregoing facts and events were developed in the evidence received at the hearing, which consisted largely of the testimony of appellant and his wife and exhibits offered by appellant and respondent and received at the hearing. Other evidence presented at the hearing will be set forth as it relates to the issues resolved herein.

The Commission subsequently made its findings of fact and conclusions of law, finding essentially most of the facts set forth above and concluding that appellant was authorized to apply for a new license by § 334.031 even though his previous license had been revoked; that there is no statutory provision contained in Chapter 334 RSMo 1969, V.A.M.S., prohibiting the Board from issuing a new license to a physician whose license had been previously revoked; that in issue and for consideration is appellant's present moral character, as determined by the nature and extent of his rehabilitation since 1964; that respondent's answer to the complaint as amended did not raise an issue as to any educational disqualification of appellant, and that respondent has not met with appellant for the purpose of examining appellant's evidence of his present moral character for the purpose of determining whether he meets the qualification of good moral character required by § 334.031. The Commission ordered the Board to "meet with Petitioner in the near future and conscientiously consider his qualifications as a candidate for licensure pursuant to § 334.031 RSMo 1969 [V.A.M.S.]" and continued the case indefinitely pending further determination by the Board of appellant's qualifications accordingly.

The Board sought and obtained judicial review under Chapter 536 RSMo 1969, V.A.M.S., and Rule 100. The circuit court reversed, holding, inter alia, that the determination of the rehabilitation of a party whose license has been revoked is a matter within the discretion of the Board and is not subject to review or control by the Hearing Commission or the courts; that the Commission's November 1969 finding that appellant engaged in dishonorable and

unprofessional conduct in that he had been convicted of a felony and the Board's January 23, 1970 revocation of appellant's license are final adjudications; that appellant's complaint, as amended, does not come within the provisions of § 161.302 and that the Administrative Hearing Commission had no authority to entertain the complaint; that the Board acted within the authority granted it under § 334.100 and that the Commission's order requiring the Board to meet with appellant and continuing the case indefinitely was in excess of its statutory authority.

It is readily apparent that the initial issue to be resolved is whether, under Chapter 334 RSMo, a new license to practice medicine and surgery in this state may be granted to a person who has previously been found to have engaged in unprofessional and dishonorable conduct, who has been convicted of a felony and whose license to so practice has been revoked as a direct result thereof. The trial court held, and respondent Board contends in effect, that the previous and final finding of such conduct and conviction and disciplinary order ordering revocation (and the revocation) in this case is a final adjudication, determining the issue and vesting solely the Board with discretion to make such a determination and that the Administrative Hearing Commission has no jurisdiction to entertain a complaint upon the Board's exercise of its discretion and refusal to permit examination upon qualifications for licensure. Appellant argues that because of administrative due process requirements provided by §§ 161.252 through 161.342 such a prior and final finding and order and revocation, taken alone, does not prohibit a subsequent application for and examination on qualifications for licensure, and licensure, and that such a prior and final finding, order and revocation does not vest the Board with sole discretion to determine whether it will examine qualifications in this case and to refuse to do so.

■ This initial issue was resolved affirmatively in State Board of Registration for the Healing Arts v. Finch, No. KCD27073, 514 S.W.2d 608, 1974. In that case, we held that a new license to practice medicine and surgery may be granted under Chapter 334 to a person whose license had been previously revoked upon his conviction for first degree murder where there was competent and substantial evidence upon the whole record to support a finding by the Administrative Hearing Commission that such rehabilitation had been achieved so as to satisfy the good moral character qualification required by § 334.031 and where such person had furnished satisfactory evidence of their preliminary educational qualifications and professional fitness required by § 334.031. Here, as in that case, we hold that evidence of the nature and seriousness of the original unprofessional and dishonorable or felonious conduct is to be taken into consideration with all of the other evidence bearing on whether such a person should be entitled to examination for licensure or licensure, including the extent to which such person has repented and has rehabilitated himself and including his educational and professional qualifications, but that the fact of a prior and a final finding of such proscribed conduct and conviction and revocation, taken alone, does not prohibit the subsequent granting of examination for licensure or the granting of a new license. This is because § 334.100 does not provide that a finding of conduct proscribed thereby, including the commission of a felony which is statutorily deemed to be unprofessional or dishonorable conduct, mandatorily disqualifies an applicant for licensure. State Board of Registration for the Healing Arts v. Finch, supra.

■ Nevertheless, the Board contends that it has the sole discretion to refuse to grant licensure because of the undisputed fact of the prior and final finding of appellant's unprofessional and dishonorable conduct, felony conviction and revocation and to determine whether the revocation is to remain in effect, and that the Administrative Hearing Commission had no juris-

diction to entertain the complaint and thus no authority to interfere with the exercise of the Board's discretion. This argument overlooks the sweeping changes in administrative procedure applicable to licensure by the State Board of Registration for the Healing Arts and the other administrative agencies made in § 161.272 by the Administrative Hearing Commission Act, § 161.252 et seq. Section 161.302 provides, inter alia, that upon refusal by the Board to permit an applicant to be examined upon his qualifications for licensure, the applicant may file a complaint before the Administrative Hearing Commission and have a hearing of the issues before the Commission. Just as the Act has repealed the former authority of the Board to conduct evidentiary hearings on the question of the revocation, suspension or probation of a license issued by it and placed such authority and jurisdiction in the Administrative Hearing Commission, the Act has repealed the former authority of the Board to conduct evidentiary hearings on the qualifications of applicants for licensure. Section 161.-272; State Board of Registration for the Healing Arts v. Finch, supra.

█ It is equally clear that the Act does not deny the Board the initial authority of the Board to deny an application for license by an individual the Board believes to be of bad moral character or by a person admittedly guilty of past unprofessional or dishonorable conduct including conviction of a felony or any one or more of the eleven specified acts, practices or habits proscribed by § 334.100. This initial authority to deny obviously involves and requires the exercise of discretion. But if the Board determines to deny an application for licensure then, upon complaint of the applicant, the Act authorizes and directs the Administrative Hearing Commission to conduct a hearing on the qualifications of the applicant and make its findings of fact and conclusions of law on the issues of whether the applicant is entitled to examination for licensure, or licensure, as the case may be. Sections 161.272–161.-312.

The manifest purpose of the Act is to provide administrative due process by having created an "impartial tribunal to hold evidentiary hearings and make findings of fact and conclusions of law upon the evidence presented by the licensing board on one side, and by the licensee (or the applicant for a license) on the other side." State ex rel. American Institute of Marketing Systems, Inc. v. Missouri Real Estate Commission, 461 S.W.2d 902, 908 (Mo.App.1970). The legislature clearly intended, and the Act so provides, that the initial decision to refuse to permit an applicant to be examined upon his qualifications for licensure or to refuse to issue the license of an applicant who has passed an examination for licensure or who possesses the qualifications for licensure without examination under Chapter 334 for whatever reason, upon complaint of the applicant, shall be objectively examined by an impartial evidentiary hearing conducted by the Administrative Hearing Commission, upon notice, and with opportunity to the Board and the applicant to be represented by counsel and to present evidence and examine and cross-examine the witnesses and evidence so presented. As a result, the Administrative Hearing Commission does have jurisdiction and the duty to entertain such a complaint. And in such a case, it is not the Administrative Hearing Commission which interferes with the unrestrained exercise of the Board's discretion but it is the findings and conclusions which result from the working of these commonly accepted elements of due process the Act provides. Further, it is intended by the Act that it is the findings and conclusions of the Administrative Hearing Commission which are subject to judicial review rather than the discretionary decision of the Board. Section 161.332.

█ The Board is correct in contending that the cases it cites support its discretion to revoke a license upon a finding of unprofessional and dishonorable conduct including a felony conviction. The Board, not the Administrative Hearing Commission, has such discretionary authority un-

der § 334.100 but only upon a prior finding of cause to do so by the Administrative Hearing Commission in proceedings initiated and conducted pursuant to § 161.282. But these cases do not touch upon or decide the Board's claim that it is vested with sole discretion to refuse to permit an applicant for a new license to be examined upon his qualifications because of these facts, or for any other reason.

To the question whether this result will inevitably lead to a revolving door concept of justice where a person whose license is-sued under Chapter 334 is revoked may immediately apply for new licensure, our answer is that, having determined that a prior and final finding of proscribed conduct and the final fact of revocation does not mandatorily disqualify an applicant for subsequent licensure, each case must be separately decided upon its own facts and the conclusions the competent and substantial evidence permits. There is no more reason to speculate that by this determination any applicant under Chapter 334 whose license has been previously revoked will be granted new licensure than there is to conclude that the moral character of a person once found to be good will remain irrebuttably good or that the moral character of a person once found to be bad will remain irrebuttably bad.

■ The trial court and respondent Board are correct in their contentions that the order of the Commission requiring the Board to meet with appellant and conscientiously consider his qualifications and continuing the case indefinitely is in excess of the Commission's authority or jurisdiction. Section 161.302 provides, inter alia, that upon refusal by an agency listed in § 161.-272 to permit an applicant to be examined upon his qualifications for licensure, the applicant may file a complaint with the Commission and have a hearing of the issues by the Commission. If at the hearing, the applicant shall show that he entitled to examination for licensure or licensure without examination, § 161.302 further requires the Administrative Hearing Commission to issue an appropriate order to accomplish such examination. In this case, the Board's decision to take no action on appellant's application for consideration for licensure was a refusal to permit applicant to be examined upon his qualifications for licensure. Appellant's second letter to the Commission following the filing of the Board's motion to dismiss the complaint, directed to the appellant's first letter to the Commission, which the Administrative Hearing Commission accepted and filed as appellant's complaint under § 161.302, while not a model pleading, stated sufficient facts required by § 161.302 to constitute a complaint thereunder. The Board's decision to take no action on appellant's application and its refusal to permit appellant to be examined upon his qualifications were based upon the facts of appellant's prior unprofessional and dishonorable conduct, felony conviction and revocation and its belief as to the quality of appellant's moral character because of such facts. Thus the issues to be determined at the hearing before the Commission on appellant's complaint were whether or not the facts of appellant's prior unprofessional and dishonorable conduct, felony conviction and revocation mandatorily disqualify an applicant and prohibited licensure under Chapter 334, and whether or not appellant had rehabilitated himself to such an extent that he could presently be found to be of good moral character, one of the qualifications for licensure required by § 334.031, as that qualification is generally understood. The evidence presented at the hearing was directed entirely to those issues. Had the Commission found and concluded that the facts of appellant's prior proscribed conduct, felony conviction and revocation did not mandatorily disqualify and prohibit appellant from licensure under Chapter 334 and further found and concluded that appellant was of present good moral character and that, therefore, appellant was entitled to examination for licensure, § 161.302 authorizes and directs the Administrative Hearing Commission to issue an appropriate order to accomplish such examination,

subject to judicial review under § 161.332, §§ 536.100–536.140 and Rule 100.

■ As we have determined, the Commission correctly found and concluded that the facts of appellant's prior conduct, felony conviction and revocation does not mandatorily disqualify and prohibit his application for licensure and licensure under Chapter 334. However, the Commission failed to make its findings of fact and conclusions of law on the issue of appellant's present moral character. The Commission should have found and concluded either that appellant's present moral character is good or that there was insufficient evidence appellant possesses relevant to the character. Section 334.031. Because of the facts in this case of appellant's prior conduct, felony conviction and revocation, a finding of rehabilitation must be implicit in a finding of present good moral character. Section 161.302 imposes the duty of resolving this issue upon the Administrative Hearing Commission on the evidence presented at the hearing under § 161.302, and the Administrative Hearing Commission erred in ordering the Board to meet with appellant and consider whatever evidence appellant possessess relevant to the question of his rehabilitation and present moral character. The Administrative Hearing Commission could not lawfully delegate, in effect, its statutory duty to resolve the issue to the Board.

The judgment is reversed and the cause is remanded to the Circuit Court for the purpose of remanding the cause to the Administrative Hearing Commission with directions to make its findings of fact and conclusions of law on the issue of appellant's present moral character. In the event the Commission finds and concludes that appellant has the qualifications required by § 334.031 and is therefore entitled to be examined for licensure, it is further directed to issue an appropriate order to accomplish an examination of appellant's qualifications for licensure in accordance with § 334.040. This mandate shall be without prejudice to the right of either party to seek judicial review under § 161.332 and §§ 536.100–536.140 and Rule 100 from the Administrative Hearing Commission's ultimate findings, conclusions and orders.

PRITCHARD, J., concurs.

SOMERVILLE, J., dissents in separate opinion filed.

SOMERVILLE, Judge (dissenting).

I must respectfully dissent for the same reasons heretofore expressed in the dissenting opinion filed in State Board of Registration for the Healing Arts v. Finch, M.D., 514 S.W.2d 608 (Mo.App., KCD 27073, 1974).