Argued January 18, affirmed February 8, 1977

OAKRIDGE MOOSE LODGE, *Petitioner,*
*v.*
OREGON LIQUOR CONTROL COMMISSION,
*Respondent.*
(CA 6515)
559 P2d 925

Diane Spies, Portland, argued the cause for petitioner.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

We are here reviewing the order of the Oregon Liquor Control Commission denying petitioner's application for a Class B Dispenser's License under the authority of ORS 472.110. On appeal the petitioner contends:

(1) The Commission's order failed to demonstrate a rational basis for the denial of the requested license.

(2) The Commission's rules are not sufficiently precise to advise petitioner of the Commission's criteria.

(3) The Commission's order was not supported by substantial evidence.

(4) The Commission's enabling legislation is unconstitutionally vague and therefore violates Art I, § 10, Oregon Constitution.[1]

■ As to contention number 2, we note only that the rules of which petitioner complains are sufficient under the holding of *McCann v. OLCC,* 27 Or App 487, 556 P2d 973 (1976).

■ As to contention number 3 petitioner does not indicate a single statement of fact in the order which it asserts not to be supported by substantial evidence. This contention sets out as the pertinent portions of the order only the "Ultimate Conclusions of Law." These are not required to be supported by substantial evidence; rather, they are required to be supported by "substantial reason." *McCann v. OLCC, supra,* 27 Or App at 495.

■ As to the constitutional argument in contention number 4, *Warren v. Marion County et al,* 222 Or 307, 353 P2d 257 (1960), holds that the test of constitution-

---

[1] "No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation." Or Const, Art I, § 10.

ality of delegated authority is not specificity, but opportunity for review.

■ The first contention—and what we gather from the nature of petitioner's argument its principal assignment—is adequately answered by quoting from the Commission's order:

"\* \* \* \* \*

"4. A Dispenser Class 'B' license under ORS 472.110(3) for fraternal organizations is included in the statutory quota for dispenser licenses established by ORS 472.110(4), which limits the total number of premises which may be licensed, to not in the aggregate at any time exceed one such licensed premises for each 2,000 population in the state. The present application of the lodge falls within this quota system.

"5. The lodge presently has a membership consisting of approximately 225 men, and 94 women as auxiliary members. The lodge is thus primarily male, although wives and other female relatives may achieve a class of membership under certain circumstances. The Moose organization, however, actively and consistently seeks out for membership persons of the male sex, and females are only ancillary or incidental to male membership.

"6. Moose members may bring guests into the lodge for three visits. The purpose of such visits is to solicit membership. The guests may not visit the lodge after such visits. The Moose Lodge's facilities would thus be restricted to members of the lodge, and guests for three visits. These guests may utilize the lodge facilities during the visits, but ultimately only for the purpose of joining the lodge.

"\* \* \* \* \*

"11. If the Oakridge Moose Lodge was granted a Class 'B' dispenser license, it could not serve 2,000 members of the general public, and would not even be able to serve 2,000 members of the Moose community. Due to the statutory limitations placed upon the total number of dispenser licenses, the citizens of Oregon and of Oakridge would be better served by reserving future dispenser licenses to establishments able to serve a

greater proportion of the state and the Oakridge community.

"\* \* \* \* \*

"ULTIMATE FINDINGS OF FACT

"1. It is not in the public interest to grant a dispenser license to a small Moose Lodge with the number of members it presently has, for the sole purpose of attempting to gain more members and serve visiting Moose. It is in the public interest at the present time for the Commission to reserve any dispenser licenses available in the state to an establishment that will serve all members of the public regardless of their membership in an organization and regardless of their sex.

"2. The Oakridge area has two Class 'A' dispenser licenses which adequately serve the public.

"From the foregoing Findings of Fact, the following Conclusions of Law are entered:

"CONCLUSIONS OF LAW

"1. There are sufficient licensed premises in the Oakridge area to serve the general public of the community.

"2. The granting of a dispenser license to an applicant who desires to restrict the use to members of a private fraternal order and where the use would be primarily limited to males in a community the size of Oakridge is not demanded by the public interest or convenience.

"3. The public interest or convenience would be better served by reserving any dispenser licenses which may be utilized to a dispenser applicant who desires to serve the total trading community of Oakridge and not a restricted lodge membership \* \* \*."

Affirmed.