James **SPURLOCK**, Plaintiff,

v.

Louis W. **SULLIVAN**, M.D., Secretary of Health and Human Services, Defendant.

No. C–91–0648–VRW.

United States District Court, N.D. California.

May 6, 1992.

James Hunt Miller, San Francisco, Cal., for plaintiff.

William T. McGivern, Jr., U.S. Atty., Stephen L. Schirle, Chief, Civ. Div., Gail Killefer, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## ORDER UPON MOTION FOR RECONSIDERATION

WALKER, District Judge.

### I.

This matter appears once again before the court on defendant's motion for reconsideration. The Secretary seeks to revisit the court's order of January 28, 1992, itself prompted by a prior motion by the Secretary to reconsider the court's award of EAJA attorney fees in this matter. In the January 28 order, reported at 783 F.Supp. 474, the court (1) vacated two prior orders in this case, (2) remanded the matter of plaintiff's application for supplemental security income ("SSI") benefits to the Secretary pursuant to 42 U.S.C. § 405(g) sentence four, (3) held that, following the Supreme Court's jurisprudence in *Melkonyan v. Sullivan*, — U.S. —, 111 S.Ct. 2157,

115 L.Ed.2d 78 (1991), plaintiff must be considered a "prevailing party" for the purposes of obtaining EAJA attorney fees upon obtaining a sentence four remand, and (4) determined that the Secretary's position in this matter prior to stipulating to a remand was not "substantially justified." The court invited plaintiff to submit an application for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, at the appropriate time.

Although the Secretary seeks reconsideration of every issue determined in the January 28 order, the court finds that most of the Secretary's motion lacks merit, and should therefore be denied. The great bulk of the Secretary's argument merely repeats points previously raised earlier and rejected by the court. The Secretary does bring to the court's attention additional cases, either not previously cited by the Secretary or new opinions issued after the Secretary's prior motion was submitted, but these cases are unpersuasive.

The Secretary stands on firmer ground in arguing that the court's prior finding of a lack of "substantial justification" was inadequately discussed in the court's prior orders. In the January 28 order, the court noted simply that its prior orders in this case had implied that the Secretary's position prior to stipulating to a remand was not substantially justified. The Ninth Circuit, however, has commanded district courts to make specific findings on the "substantial justification" issue in all EAJA cases, to assist appellate review. *United States v. 313.34 Acres of Land*, 897 F.2d 1473, 1477–78 (9th Cir.1989). Accordingly, the court will reconsider the "substantial justification" issue.

### II.

The EAJA language creates a presumption of a fee award. *Thomas v. Peterson*, 841 F.2d 332, 335 (9th Cir.1988); *United States v. First Nat'l Bank of Circle*, 732 F.2d 1444, 1447 (9th Cir.1984). Congress did not, however, intend the EAJA to operate as a mandatory fee shifting provision. *313.34 Acres of Land*, 897 F.2d at 1477. Fees are not awarded if the

government can show substantial justification. 28 U.S.C. § 2412(d)(1)(A). Where the court finds that the government has not demonstrated that its position is substantially justified, the court's statement of supporting reasons need not be elaborate. *313.34 Acres of Land,* 897 F.2d at 1477.

 The Secretary, citing *Kali v. Bowen,* 854 F.2d 329, 332 (9th Cir.1988), asserts that the Secretary's failure to prevail does not raise a presumption that its position was not substantially justified. This is no doubt true, but is beside the point. Presumption or no, the Secretary bears the burden of proving that its position was substantially justified, and if it fails to do so, an award of EAJA fees will issue to the prevailing party. While the Secretary can take a substantially justified position into the district court and lose on the merits without becoming liable for fees, where the Secretary's position is not substantially justified, the mere fact that the Secretary offered to compromise with plaintiff some time before losing the case does not serve as a defense to an award of EAJA attorney fees.

The Secretary places great emphasis on cases in which the court found the government's position to have been substantially justified even though the government lost on the merits. No doubt this is because Spurlock's eligibility for SSI benefits has yet to be determined, and in that respect the Secretary has not "lost on the merits." But even if Spurlock is ultimately found not to be entitled to SSI benefits, he is always entitled to a correct result, and a result reached through the correct procedures. Indeed, society as a whole shares that interest in procedural propriety. So the question of substantive justification is not determined by whether the government prevailed on the merits, or even whether the litigation settled. Such objective indicia can be relevant, but do not provide a conclusive answer in all cases. *Pierce v. Underwood,* 487 U.S. 552, 568, 108 S.Ct. 2541, 2551, 101 L.Ed.2d 490 (1988). This court's analysis of whether the Secretary's position was substantially justified has focused from the outset on whether the Secretary's conduct can be characterized as reasonable throughout the proceedings.

The administrative record, including Spurlock's hearing before the administrative law judge ("ALJ") and the Appeals Council, in addition to the Secretary's litigation strategy in this court, demonstrates that the Secretary cannot make the required showing. The ALJ made a number of questionable or baldly incorrect factual findings, including the amount of time Spurlock had served in prison and whether Spurlock's activities in prison had included weed pulling. These factual errors might well be insignificant but for the fact that they underscore the more serious procedural problems. The administrative record reveals a wretched procedural misadventure.

The transcript of the evidentiary hearing makes clear that the ALJ was aware that Spurlock had previously received SSI benefits, that the medical records indicated some level of mental impairment, that Spurlock could not read, and that Spurlock did not understand the substance of the proceedings or even the purpose of the evidentiary hearing. Although none of these facts requires that the ALJ find Spurlock eligible for benefits, these facts should have put the ALJ on a heightened awareness of his obligation to protect the integrity of the administrative process. Instead, the transcript shows that the ALJ embarked on a partisan effort to undervalue any evidence favoring an award of benefits for Spurlock, and to create some basis for the denial of Spurlock's application, to the detriment of an uncomprehending, mentally-impaired pro se applicant.

The ALJ repeatedly challenged the testimony of the Secretary's own hired medical consultant when the consultant reached conclusions vaguely supporting Spurlock's application. Four times the ALJ pressed the consultant to reach conclusions after the consultant stated that he lacked the necessary facts or did not have sufficient familiarity with the testing methods used by the examining medical professionals. At no time did the ALJ seek evidence which would be favorable to Spurlock, and the ALJ did not even inquire into the basis for

those portions of the consultant's conclusions which differed from those of the examining doctors. Most shockingly, the transcript reveals that the consultant realized that he had been pressured by the ALJ into reaching contradictory conclusions, but continued to allow his testimony to be re-characterized by the ALJ.

One wonders whether the Appeals Council reviewed this transcript before affirming the ALJ. In fact, the administrative record from the Appeals Council is so thin as to make judicial review of that proceeding all but impossible. It is not clear whether the Appeals Council reviewed anything other than the note, handwritten on Spurlock's behalf, to the effect that the ALJ hearing was unfair. Certainly, one could reach the conclusion that Spurlock's appeal was substantively ignored by the Appeals Council.

For sure, counsel for the Secretary has reviewed the administrative record. Section 405(g) requires that the Secretary file a certified copy of the administrative record along with his answer to the complaint, and the Secretary must therefore be charged with knowledge of the administrative record. In two hearings before this court, counsel for the Secretary has asserted that typically this is the first time that the full administrative record is compiled and reviewed. That review formed the basis for the Secretary to propose that the matter be remanded for further proceedings, an offer which Spurlock naturally accepted. But the stipulated remand itself cannot serve as a defense to an award of EAJA attorney fees. This is particularly true in this case, where there can be no doubt that the Secretary's position in these proceedings, from the hearing before the ALJ until the Secretary agreed to remand this matter for further evidence, cannot be substantially justified.

The Secretary now argues that an award of EAJA fees in this case would deter the Secretary from the laudable practice followed here whereby counsel reviews the administrative record and offers to stipulate to a remand in appropriate cases. The court cannot agree. The Secretary's answer was filed three months after the complaint, presumably because the compilation of the administrative record takes time. There can be no doubt that applicants in Spurlock's position, and the court, would permit the Secretary even more time to file the answer in cases where such review and remand were a possibility. Under the system of incentives crafted by § 405(g) and the EAJA, a stipulated remand entered before the Secretary filed the answer would have been characterized as one pursuant to § 405(g) sentence six, and EAJA fees would be available, if at all, only if the applicant prevailed on the merits of the SSI application. An award of attorney fees in this case, rather than serving as a deterrent to review by counsel for the Secretary, will instead encourage review of the full administrative record at an earlier point in the proceedings. This result serves the interests of the applicant and of the district court, and is entirely consistent with the statutory scheme crafted by Congress, as interpreted by the Supreme Court in the *Melkonyan* case.

■ Thus, upon reconsideration, the court finds that the position of the government was not substantially justified, and an award of attorney fees is appropriate. The Supreme Court has cautioned that a request for attorney fees "should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). Hence, an award of attorney fees under the EAJA should encompass not only the fees incurred in the litigation on the merits, but also the fees incurred by the prevailing party in protecting that fee award in subsequent litigation by the government over the propriety or amount of the EAJA fee award, even if the position taken by the government in opposing the fee award is substantially justified. *I.N.S. v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 2322, 110 L.Ed.2d 134 (1990).

When the period for appeal has run on this order, and for thirty days thereafter, the court will entertain from Spurlock an application for all expenses and attorney

fees incurred in litigating these issues in this court.

IT IS SO ORDERED.