STATE of Missouri, ex rel. DIVISION OF TRANSPORTATION, Appellant,

v.

SURE–WAY TRANSPORTATION, INC., Respondent.

No. WD 52186.

Missouri Court of Appeals, Western District.

April 15, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 1, 1997.

Application to Transfer Denied Aug. 19, 1997.

Jeremiah W. (Jay) Nixon, Attorney General, Karen King Mitchell, Appellate Chief Counsel, Christie A. Kincannon, Assistant Attorney General, Nadia Termanini, Assistant Attorney General, Jefferson City, for appellant.

Sondra B. Morgan, Brydon, Swearengen & England, P.C., Jefferson City, for respondent.

Before ULRICH, C.J., P.J., and HANNA and SPINDEN, JJ.

ULRICH, Chief Judge, Presiding Judge.

The Missouri Division of Transportation ("DOT") appeals the trial court's award of attorney's fees and costs in favor of Sure–Way Transportation, Inc. ("Sure-Way") granted under authority of section 536.087, RSMo 1994. The statute requires an award of reasonable attorney's fees and expenses incurred by the non-governmental party in either a civil action or agency proceeding, unless the court or agency finds that the

state's position was "substantially justified or that special circumstances make the award unjust." § 536.087.1.[1] DOT claims the trial court erroneously concluded that it was not substantially justified in prosecuting Sure–Way for alleged violation of section 387.100 by charging the University of Missouri reduced carrier rates.

DOT further claims that the statute authorizing an award of attorney's fees and costs to Sure–Way was not applicable and that the trial court did not have authority to make the award even if the statute applied. The judgment of the trial court is affirmed, and the case remanded to the circuit court for its determination and award of attorney fees and expenses incurred by Sure–Way in this appeal.

In approximately 1987, this saga began when DOT prosecuted Sure–Way for violations under the Missouri Common Carrier law contained in section 387.100. Sure–Way allegedly charged less than the minimum dump truck tariff required of Common Carriers under 387.100. For a complete factual history see *State ex rel. Sure–Way Transp., Inc. v. Division of Transp. Dep't of Economic Dev.*, 836 S.W.2d 23 (Mo.App.1992)("*Sure–Way I*"), and *State ex rel. Missouri Div. of Transp. v. Sure–Way Transp., Inc.*, 884 S.W.2d 349, 351 (Mo.App.W.D.1994)("*Sure–Way II*"). The actions were brought before an Administrative Law Judge ("ALJ") employed by DOT who found that Sure–Way was in violation of the statute as charged. The ALJ then authorized DOT to seek a civil penalty under section 390.156 in circuit court.[2]

Sure-Way, however, appealed the ALJ's decision to the Cole County Circuit Court who reversed that decision and remanded the case for further determinations. DOT, in turn, appealed the circuit court's decision. This court reversed the circuit court's decision and remanded the case to the trial court for entry of judgment consistent with the ALJ's decision. *Sure–Way I* at 24–27. The ALJ once again authorized DOT to re-institute its civil penalty case in circuit court. DOT did so and also filed a motion for partial summary judgment claiming that the issues had been conclusively decided by the ALJ, and therefore, Sure–Way should be collaterally estopped from re-litigating those issues again. The Boone County Circuit Court denied the motion and after a trial on the merits, entered judgment for Sure–Way. DOT appealed and this court affirmed the circuit court's decision. *Sure–Way II*.

As a consequence of the final judgment in its favor, Sure–Way made application as a "prevailing party" in the Boone County Circuit Court for attorney's fees and costs under section 536.087. Section 536.087 allows recovery of reasonable fees and expenses for a "prevailing" party in an agency proceeding or civil action:

> A party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding, unless the court or agency finds the position of the state was substantially justified or that special circumstances make an award unjust.

§ 536.087.1. The trial court found no substantial justification for DOT's civil penalty action against Sure–Way and awarded fees of $17,418.75 and expenses of $1,062.18 incurred throughout the entire eight-year litigation process to Sure–Way.[3] DOT now appeals

1. All statutory references are to RSMo 1994 unless otherwise indicated.

2. Section 390.156 states that an "action to recover a penalty ... may be brought in any circuit court in this state in the name of the state of Missouri and shall be commenced and prosecuted to final judgment by the general counsel to the division."

3. Specifically, the trial court awarded attorney fees and expenses for every stage of litigation excluding the expenses incurred in bringing this

present appeal. A time line of the litigation is as follows:

1987 ALJ authorizes penalty proceedings against Sure–Way

1991 Sure-Way appeals and circuit court reverses ALJ and remands to ALJ

1992 DOT appeals and appeals court reverses circuit court (Sure–Way I)

1992 DOT files penalty action in circuit court along with summary judgment which is denied 1993

the circuit court's award of fees and expenses.

## STANDARD OF REVIEW

■ This court's review of the trial court's award of attorney's fees and expenses to Sure–Way is limited to determining whether the trial court's determination was arbitrary and capricious,[4] unreasonable, unsupported by competent and substantial evidence, made contrary to law or in excess of the court's jurisdiction.[5] The trial court is afforded no deference in its determinations of law. This court will review those *de novo. Johnson v. Denton Constr. Co.*, 911 S.W.2d 286, 287 (Mo. banc 1995).

## ERRORS CLAIMED BY DEPARTMENT OF TRANSPORTATION

DOT asserts that the circuit court made three erroneous determinations of law:

1. that the rate exceptions under section 387.120.5 rather than section 390.030.1(6) apply;

2. that the civil penalty action arose from an "agency proceeding"; and

3. that the circuit court has authority to award attorney's fees and expenses.

The essence of DOT's claim is that had the trial court not erred in its ruling on any of the three questions of law, the court would have lacked authority to compel DOT to pay Sure–Way's attorney's fees and expenses.

Oct 23 At trial Sure–Way wins on merits and trial court also assesses all litigation costs against DOT
1994
Nov 15 Sure–Way files in circuit court its application for fees.
1994
Aug 30 DOT appeals and appeals court upholds circuit court on underlying case but reverses award of attorney's fees and costs of litigation. (Sure–Way II)
1995 Circuit court awards fees for all litigation expenses
1996 DOT appeals (Sure–Way III)

4. Generally "capriciousness" concerns whether the trial court's decision was whimsical, impulsive or unpredictable. *See Thoroughbred Ford, Inc. v. Ford Motor Co.*, 908 S.W.2d 719, 730 (Mo.App. E.D.1995). In a related way the idea

## I. DOT'S PROSECUTION OF SURE–WAY

■ In order to ascertain the appropriateness of the trial court's decision, the question of whether DOT had "substantial justification" to prosecute its claims of alleged violation of section 387.100 must be addressed within the limited review. "Substantial justification" deals with a general two-pronged question—is there a reasonable basis in both law and fact? *Wadley v. State, Dep't. of Social Servs., Div. of Child Support Enforcement*, 895 S.W.2d 176, 179 (Mo.App. S.D.1995). The position must be clearly reasonable, well founded in law and fact, and solid though not necessarily correct. *Id.* To demonstrate the absence of "substantial justification," an indication that the state lacked good faith in taking its position in the litigation must be demonstrated. *St. Joseph State Hosp. v. Soliday*, 861 S.W.2d 145 (Mo.App. W.D.1993).

A reasonable factual basis for DOT's prosecution of Sure–Way existed. This court determined that in both *Sure–Way I* and *Sure–Way II* the ALJ's decision was supported by competent and substantial evidence. *Sure–Way I* at 25; *Sure–Way II* at 350. The second prong, whether DOT's prosecution of Sure–Way was reasonably based in law, is the focus in determining whether the trial court's decision was arbitrary, unreasonable or contrary to the law.

The regulatory schemes in Chapters 387 and 390 concern the general regulation of

of "arbitrariness" focuses on whether a rational basis for the trial court's decision exists. *D.L. Dev., Inc. v. Nance*, 894 S.W.2d 258, 259 (Mo. App. W.D.1995).

5. Section 536.087.7 states:

The reviewing or appellate court's determination on any judicial review or appeal heard under this subsection shall be based solely on the record made before the agency or court below. The court may modify, reverse or reverse and remand the determination of fees and other expenses if the court finds that the award or failure to make an award of fees and other expenses, or the calculation of the amount of the award, was arbitrary and capricious, was unreasonable, was unsupported by competent and substantial evidence, or was made contrary to law or in excess of the court's or agency's jurisdiction.

common carriers and specify freight fees carriers must charge. Under both Chapters, however, exceptions were created which allow a carrier to transport freight free or at reduced rates. In the present context, Sure-Way claimed it was exempted under section 387.120.5 when it transported coal below the authorized rate from the NEMO-Mine in Moberly to the University of Missouri power plant in Columbia. The exception contained in section 387.120.5 that Sure-Way claimed applicable states:

> Nothing in this chapter shall prevent the carriage, storage or handling of properties or road building materials free or at reduced rates for the United States, state, municipal government or special road districts.

The University of Missouri did not specifically qualify under any one of the four categories of governmental entities listed. An Opinion of Counsel from DOT's predecessor, the Missouri Public Service Commission, existed that interpreted the exception to mean hauls that benefit the State of Missouri. This opinion was the basis for Sure-Way's claim that the exception contained in section 387.120.5 applied, and that it could charge the University of Missouri, a state institution, less than the authorized rate for delivering coal from Moberly to its power plant in Columbia.

DOT claimed the proper exceptions to be applied were included under section 390.030.1(6) captioned "Motor Carriers" which is more specific than the general "Common Carrier" provisions in Chapter 387. Section 390.030 provides for vehicles exempted from the provisions of the chapter, including tariff rates. The section 390.030.1(6) exception states that "a contract between the carrier and the state of Missouri . . . where the transportation services are paid directly to the carrier by the state of Missouri or civil subdivision" is excepted from tariff rates. Because Sure-Way was a "motor carrier," DOT asserted that Chapter 390 applied and that Sure-Way's hauls were not exempted because the transportation services were not paid directly to Sure-Way by the state or a civil subdivision.

Where the language of the statute is clear and unambiguous, there is no room for construction. *Jones v. Director of Revenue*, 832 S.W.2d 516, 517 (Mo. banc 1992). Sure-Way was prosecuted under Chapter 387. The specific exceptions listed in Chapter 387 logically apply to Sure-Way. If prosecuted under Chapter 390, those exceptions apply. No inconsistencies between the exceptions articulated in both chapters results when thus applied.

DOT prosecuted Sure-Way despite being advised that Sure-Way's hauls were lawful. The trial court did not abuse its discretion in finding that DOT's prosecution was not substantially justified and lacked good faith.

## II. THE CIVIL PENALTY ACTION AROSE FROM AN AGENCY PROCEEDING

■ DOT claims that the ALJ hearing was not an "agency proceeding" as defined in section 536.087. DOT argues, therefore, that section 536.087 does not apply. Section 536.087.1 provides that "[a] party who prevails in an agency proceeding or a civil proceeding arising therefrom, . . . shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding, unless the court or agency finds that the position of the state was substantially justified or that special circumstances made an award unjust." The first requirement is to determine whether the ALJ hearing is an "agency proceeding." Section 536.010(1) defined "agency" as "any administrative officer or body existing under the constitution or by law and authorized by law or the constitution to make rules or to adjudicate contested cases." Section 536.010(2) defines "contested case" as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." That term, "agency proceeding," is defined in section 536.085(1) as "an adversary proceeding in a contested case pursuant to this chapter in which the state is represented by counsel. . . ." A complaint brought before the Public Service Commission under section 386.390 is a contested case. Both parties are represented by coun-

sel in an adversarial proceeding. Both sides present evidence before an impartial decision maker. DOT argues that because the ALJ hearing is a judicially created process, *Sure–Way I* at 27, the legislature did not intend to award attorney's fees arising from "non-legislative" contested hearings. The statute, however, makes no such distinction. The ALJ hearing, as well as the circuit court trial, was an "adversarial proceeding" under the definition of section 536.085(1).

The second prong of DOT's argument asserts that even if the ALJ hearing was an "agency proceeding" for which Sure–Way was entitled to fee compensation, the subsequent civil penalty action did not "arise from" the ALJ hearing but rather was an entirely distinct action collateral to the ALJ hearing. The legislature created a step-by-step process whereby violators under Chapter 390 are administratively prosecuted and ultimately sanctioned. The civil penalty action is a step in the process. DOT's civil penalty action in circuit court is not collateral to the ALJ's hearing, "it was an extension and second step to that proceeding." *Sure–Way II* at 353. Therefore, Sure–Way is entitled to the recovery of attorney's fees incurred in the penalty action.

The issue next presented is whether Sure–Way is entitled to expenses incurred in bringing the "fee case" action to recover its fees—what has commonly been referred to as a "fees on a fee case." The purpose of section 536.087 is "to require agencies to carefully scrutinize agency and court proceedings and to increase accountability of the administrative agencies." *White v. Missouri Veterinary Medical Bd.,* 906 S.W.2d 753, 755 (Mo.App.1995). The statute intended "to encourage relatively impecunious private parties to challenge abusive or unreasonable government behavior by relieving such parties of the fear of incurring large litigation expenses." *Id.* Ultimately, section 536.087 should facilitate citizens to challenge unreasonable government actions by mitigating the financial costs of litigation. *Commissioner, Immigration and Naturalization Serv. v. Jean,* 496 U.S. 154, 163, 110 S.Ct. 2316, 2321–22, 110 L.Ed.2d 134 (1990). This court recently considered this issue in *Her-*

*nandez v. State Bd. of Registration for the Healing Arts,* 936 S.W.2d 894 (Mo.App.1997) and stated that section 536.087 "provides compensation to a prevailing party in an action against the state *for all aspects of a litigation with the state, including fees and expenses incurred in seeking fees, if the state's position in the action was not substantially justified." Id.* at 902(Emphasis supplied). The Equal Access to Justice Act (EAJA), the federal statute after which section 536.087 was patterned, and resultant federal judicial decisions were considered in *Hernandez. Hernandez* concluded that the legislature did not intend to limit a litigant to the expense of litigation through the agency and circuit court process but also intended to include the expense of recovering appropriate fees because to hold otherwise would defeat the legislative intent to thwart unjustified state conduct. *Id.*

## III. THE CIRCUIT COURT IS THE PROPER TRIBUNAL TO AWARD ATTORNEY'S FEES AND COSTS UNDER THIS STATUTORY SCHEME.

DOT's final argument questions whom the legislature authorized to pay the prevailing party's attorney's fees incurred through the litigation process when the state's position in the action was not substantially justified. DOT argues that in no event can a lower tribunal award attorney's fees and costs of appeal for subsequent proceedings in higher tribunals under section 536.087.

Section 536.087.4 requires that the prevailing party submit its application for fees and expenses to the administrative body before which the party first prevailed. *Hernandez,* 936 S.W.2d at 901. While section 536.087.4 states that:

[N]o decision on the application for fees and other expenses in connection with that adversary proceeding shall be made under this section until a final and unreviewable decision is rendered by the court on appeal or until the underlying merits of the case have been finally determined pursuant to the appeal . . .

this section does not require a "final judgment" before filing the fee application.[6] The statute only prohibits "a decision on the application for fees" until a final and unreviewable decision is achieved. § 536.087.4. As this court stated in *Hernandez,* "[s]ection 536.087.4 connotes that administrative bodies retain authority to make fee awards in underlying administrative proceedings that have been appealed ..." *Id.* Section 536.087.4 makes clear that a fee application is filed *prior* to a final judgment and is held in abeyance until the adversarial proceeding becomes final.[7] Therefore, Sure–Way correctly filed its fee application within thirty days of when it first prevailed, even though the underlying case was being appealed.[8] Sure–Way first prevailed on October 23, 1993, when the circuit court entered its order in its favor.[9] Sure–Way filed its fee application case on November 15, 1993, within the mandated thirty-day period in the tribunal where it first prevailed. The tribunal, vested with the authority to determine whether the agency's action was "substantially justified," logically also possessed the legislatively granted

authority to award attorney's fees and costs. Once that determination is made, however, the legislature, having given the circuit court the responsibility of determining whether the agency was "substantially justified," logically also granted the power to award attorney's fees and costs based on that finding.

Such authority is granted at whatever level the non-state party first prevails. In those cases where a reviewing commission or ALJ makes the "substantial justification" determination, the prevailing party should file a fee application within the thirty days of the particular tribunal's favorable decision requesting fees regarding the underlying case and fees incurred in bringing the fee case itself. If the agency does not appeal, no further costs would be expended and the tribunal's decision would encompass all expenses up until that point. Even when the underlying case is appealed by the agency, the fee application will wait in abeyance until the appeals process ends. If at the end of that appeals process the citizen's status as a prevailing party is left undisturbed, the fee application is revived and leave to modify the application

---

6. A judgment is final if it disposes of all issues as to all parties and leaves nothing for future determination. *In re Estate of Johnson,* 912 S.W.2d 560, 561 (Mo.App. E.D.1995).

7. The federal approach in applying the Equal Access to Judgment Act is different. The 8th Circuit recently addressed the issue of when a judgment became final for purposes of triggering Equal Access to Justice Act thirty-day fee application period. That court acknowledged that "a final judgment, for purposes of the EAJA, is one that is 'final and not appealable.'" *Harmon v. United States ex rel. Farmers Home Admin.,* 101 F.3d 574, 586 (8th Cir.1996). *Under this interpretation,* the prevailing party is not permitted to file the fee application until the decision becomes non-appealable. The *Harmon* court reasoned that

[w]e believe the better course is for the district court to refrain from passing on the question of *attorney fees until the litigation is final for* purposes of the EAJA. In this manner, the district court will be able to evaluate the government's position throughout the dispute and avoid deciding an issue that may become moot if the government prevails on appeal. *Id.*

The only difference between the two schemes is that under the federal scheme, the prevailing party would wait at each point in the litigating process for the filing of an appeal or the expiration of time to file an appeal, while under section 536.087.4 once the party prevails, the fee appli-

cation is filed and held in abeyance until litigation process is concluded.

8. Different scenarios are possible by which a party may in the end be a "prevailing party" as defined under the statute. For example, if an agency initially prevails in the agency proceeding, the losing party—the "citizen"—is not able to file a fee application at that point. However, if the agency loses on appeal before a higher tribunal, the Administrative Hearing Commission for example, the citizen then becomes a "prevailing party" potentially eligible for the recovery of fees. The citizen should then file within thirty days a fee application with the tribunal where she first prevailed—under this example the Administrative Hearing Commission. The question of whether the agency was "substantially justified" should be addressed there.

9. DOT did not claim error over Sure–Way not filing a fee application in 1991 after the circuit court's favorable ruling reversing the ALJ. To the contrary, DOT only contended that the ALJ tribunal was not an agency proceeding before which a party could "prevail" under the statute, but in the alternative argued that "even if the underlying proceeding was an agency proceeding, which the Division does not concede, Sure–Way did not prevail at the administrative level. Therefore, there was no appropriate forum for Sure–Way to file its request for fees." Having made these arguments, DOT waived the error.

should be made and granted by that tribunal which would then include those fees incurred in the appeals process.

Finally, Sure–Way has incurred attorney's fees from this appeal of the fee case itself. The circuit court's decision is affirmed, and the case is remanded to the circuit court for that court's determination of fees and expenses incurred in this appeal.

All concur.