Matthew D. VACCA, Plaintiff/Appellant,

v.

ADMINISTRATIVE LAW JUDGE REVIEW COMMITTEE, STATE OF MISSOURI, and Sandra M. Moore, Director of the Missouri Department of Labor and Industrial Relations, and Missouri Department of Labor and Industrial Relations, and Jo Ann Karll, Director of the Missouri Division of Workers' Compensation, and Missouri Division of Workers' Compensation, Defendants/Respondents.

No. 71225.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 6, 1997.

Edward C. Cody, Michael H. Izsak, Klutho, Cody & Kilo, P.C., St. Louis, for plaintiff/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary S. Hack, John R. Munich, Asst. Attys. Gen., Jefferson City, for defendants/respondents.

CRANE, Presiding Judge.

Plaintiff, Administrative Law Judge Matthew D. Vacca, filed a petition under § 536.087.3 RSMo 1994 against defendants to recover attorney's fees and costs which Vacca incurred while the defendant Administrative Law Judge Review Committee (hereinafter the ALJ Review Committee) conducted an investigation of his conduct and performance which led to a finding of no misconduct. The defendants successfully moved to dismiss Vacca's petition for failure to state a claim, asserting that Vacca was not entitled to attorney's fees under § 536.087.3 because the underlying investigation was not an "agency proceeding." Vacca appeals from the judgment of dismissal. We affirm on the grounds that the ALJ Review Committee's investigation was not an agency proceeding in which a party's legal rights, duties or privileges were required by law to be determined after a hearing and therefore Vacca was not a prevailing party in an agency proceeding who was entitled to an award of attorney's fees.

On November 3, 1994, defendant Sandra M. Moore, Director of the Missouri Department of Labor and Industrial Relations, requested the ALJ Review Committee to conduct an investigation of Vacca's conduct and performance based on allegations raised in a brief. In a letter to the governor dated March 3, 1996, the ALJ Review Committee advised that, based on the results of an investigation conducted by appointed legal counsel, the ALJ Review Committee found no misconduct. Vacca submitted a claim for his attorney's fees to defendants Moore, the Committee, the Missouri Department of Labor and Industrial Relations, and Jo Ann Karll, Division Director, Division of Workers' Compensation.

Vacca subsequently filed a petition for attorney's fees, costs and expenses alleging that defendants were not substantially justified in instituting and prosecuting the ALJ Review Committee proceeding and that he was entitled to attorney's fees incurred in connection with his defense pursuant to § 536.087.3 RSMo. Defendants moved to dismiss Vacca's petition for failure to state a claim upon which relief can be granted. Defendants argued that Vacca could not recover attorney's fees under § 536.087.3 because the investigation was not an adversary proceeding in a contested case. On August 22, 1996 the trial court entered judgment granting defendants' motion to dismiss.

█ In his sole point on appeal, Vacca argues that the trial court erred in dismissing his petition for failure to state a claim because the agency proceeding constituted an adversary proceeding in a contested case and he was therefore entitled to attorney's fees.

█ Section 536.087 covers the award of fees and expenses to a prevailing party in an agency proceeding. Section 566.087.1 provides:

A party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding, unless the court or agency finds that the position of the state was substantially justified or that special circumstances make an award unjust.

As used in Section 536.087, an "agency proceeding" is an "adversary proceeding in a contested case pursuant to this chapter in which the state is represented by counsel...." § 536.085. "Contested case" is defined as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." § 536.010(2). The "law" requiring a hearing includes any statute or ordinance or any provision of the state or federal constitutions that mandates a hearing. *State ex rel. Yarber v. McHenry*, 915 S.W.2d 325, 328 (Mo. banc 1995).

Section 287.610.1 provides the removal procedure for an ALJ:

Any administrative law judge may be discharged or removed only by the governor, based upon review by the department, pursuant to an evaluation by the administrative law judge review committee of the judge's conduct, performance and productivity.

The ALJ Review Committee's evaluation procedure is set out in § 287.610.1 as follows:

Upon a signed written letter of complaint, the administrative law judge review committee may institute a review, without the direction of the director of the department, of an administrative law judge and submit its findings to the governor.

 Vacca contends that due process required a hearing during the ALJ Review Committee's evaluation. Any governmental taking of a property right protected by the constitution[1] implicates the right to procedural due process and thus requires notice and the opportunity to be heard. *McHenry,* 915 S.W.2d at 328. However, when the governmental action is not an adjudication, but is merely a general fact-finding investigation, the agency need not provide the full panoply of judicial procedures. *Hannah v. Larche,* 363 U.S. 420, 442, 80 S.Ct. 1502, 1514, 4 L.Ed.2d 1307 (1960). Even if an investigation involves a hearing, as long as the proceeding does not adjudicate or make binding determinations, it remains investigative in nature. *Artman v. State Bd. of Registration,* 918 S.W.2d 247, 251 (Mo. banc 1996).

Under § 287.610.1 the ALJ Review Committee conducts an evaluation, which is an investigative and fact-finding function. It does not have the power to discharge or remove an ALJ. This power is reserved solely to the governor. Because the ALJ Review Committee does not determine legal rights, due process does not require a hearing before the ALJ Review Committee. The ALJ Review Committee's evaluation is not a proceeding which falls within the definition of "contested case" and, accordingly, is not an agency proceeding. Because he did not prevail in an agency proceeding, Vacca was not entitled to an award of attorney's fees pursu-

ant to § 536.087.3. The trial court did not err in dismissing his petition for failure to state a claim.

The judgment of the trial court is affirmed.

GERALD M. SMITH and PUDLOWSKI, JJ., concur.

---

1. This opinion does not reach the question of whether an ALJ has a property right to continued employment.