Gloria PAINTER, et al., Relator,

Paul Davis, Appellant,

v.

MISSOURI COMMISSION ON
HUMAN RIGHTS, et al.,
Respondents.

No. WD 68556.

Missouri Court of Appeals,
Western District.

May 6, 2008.

Joy D. McMillen, Esq., Chesterfield, MO, for Appellant.

Cyrus C. Dashtaki, Esq., Saint Louis, MO, for Respondents.

Before: SPINDEN, P.J., WELSH and AHUJA, JJ.

ALOK AHUJA, Judge.

Appellant Paul Davis appeals from the circuit court's Order and Judgment granting the Missouri Commission on Human Rights' Motion to Dismiss, and denying Davis's Application for Attorneys Fees and Expenses. We affirm.

## I.

On May 17, 2005, Davis filed a Petition for Writ of Mandamus pursuant to Rule 94.01 and § 536.150[1] against the Respondent Commission and its Executive Director, Donna Cavitte (referred to collectively as the "Commission" or "MCHR"). Davis alleged that the Commission had wrongfully "administratively closed" its file concerning his complaint of discrimination without conducting an investigation, making a determination as to whether probable cause existed to credit Davis's complaint, or issuing him a right-to-sue letter.

The circuit court issued its Order and Judgment resolving the merits of Davis's mandamus petition on July 17, 2006. The court found that the Commission "arbitrarily and/or [sic] refused to perform [its] statutory and regulatory duties under the MHRA" by administratively closing Davis's complaint without conducting its own investigation or making a probable cause determination. The court noted, however, the Supreme Court's statements in *Igoe v. Department of Labor & Industrial Relations*, 152 S.W.3d 284, 287–88 n. 5 (Mo. banc 2005), that the Commission "may lawfully terminate its administrative proceedings at any time *sua sponte* by issuing a right to sue letter to the complainant, and that the use of the right-to-sue letter to terminate administrative proceedings so as to conserve the commission's limited resources is permissible." Accordingly, rather than ordering the Commission to conduct an investigation or make a probable cause determination, the circuit court ordered the Commission "to immediately and forthwith provide a right-to-sue letter to Relator Paul Davis."[2]

On August 16, 2006, Davis filed his Application for Fees and Expenses, claiming that he was "entitled to an award of his reasonable attorney's fees and expenses [ ] incurred in the within action pursuant to Mo.Rev.Stat. § 536.087." Davis' application sought a total of $24,232.87.

The Commission moved to dismiss Davis's application, arguing that he had not prevailed in an "agency proceeding" as that term is defined in § 536.085.1 and, therefore, had no right to an award under § 536.087.[3]

---

1. All statutory references are to RSMo 2000 and the 2007 Cumulative Supplement.

2. The trial court's ruling on the merits of Davis' mandamus petition is not at issue in this appeal.

3. The Commission also argued that Davis had failed to allege that he was a "party" entitled to fees within the meaning of § 536.085(2)(a), because his Application failed to substantiate that his net worth fell below the $2 million statutory threshold. Davis cured this defect in a supplemental filing.

On May 10, 2007, the circuit court entered a further Order and Judgment, granting the Commission's Motion to Dismiss, and denying Davis's fee application. The court found that Davis was not entitled to fees and expenses as a matter of law because he had not prevailed in "an agency proceeding or civil action arising therefrom," § 536.087.1, for the reason that "the underlying agency action * * * did *not* constitute a contested case as required by Mo.Rev.Stat. § 536.087 and 536.010(4) (2006)." Davis appeals.[4]

## II.

■ "Absent statutory authorization, costs cannot be recovered in state courts from the state of Missouri or its agencies or officials." *Richardson v. State Hwy. & Transp. Comm'n,* 863 S.W.2d 876, 882 (Mo. banc 1993); *accord, Lipic v. State,* 93 S.W.3d 839, 841 (Mo.App. E.D.2002). The sole statute cited by Davis to support a fee award in this case is § 536.087.

Insofar as relevant here, § 536.087.1 provides for an award of fees *only* in "an agency proceeding or civil action arising therefrom." "Agency proceeding" is defined by § 536.085(1). With exceptions not relevant here, § 536.085(1) provides that, "[a]s used in section 536.087":

> "Agency proceeding" [means] an adversary proceeding in a contested case pursuant to this chapter in which the state is represented by counsel....

"Contested case" is itself a defined term used throughout Missouri's Administrative Procedure Act. Section 536.010 provides:

> For the purpose of this chapter:
> * * *

(4) "Contested case" means a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing.

Sections 536.085 and 536.087 are part of the same "chapter" of the Revised Statutes as § 536.010, and therefore by its express terms the definition of a "contested case" in § 536.010(4) must be read into the definition of an "agency proceeding" in § 536.085(1). Indeed, the principal case on which Davis relies—*State ex rel. Division of Transportation v. Sure–Way Transportation, Inc.,* 948 S.W.2d 651 (Mo.App. W.D. 1997)—does just that: it applies § 536.010's definition of a "contested case" to a fee application under § 536.087, without pausing over the matter. *See Sure–Way,* 948 S.W.2d at 656; *see also Lipic,* 93 S.W.3d at 841 (same).

Davis's claim that "the legislature enacted a special definitional section for the terms used in Section 536.087 *in lieu of the general definitional section set forth at Section 536.010* " cannot be sustained. Section 536.085(1) uses a term ("contested case") which is itself defined "[f]or the purpose of this chapter" in § 536.010(4). Nothing in § 536.085(1) suggests that it is intended to override § 536.010(4), and the two statutes are easily read harmoniously.

The relevant issue under § 536.010(4)'s definition of a "contested case" is whether the agency "was required to [hold a hearing] by statute, ordinance, or constitutional provision." *Lipic,* 93 S.W.3d at 841; *see also Cade v. State,* 990 S.W.2d 32, 36 (Mo. App. W.D.1999) ("The key to the classification of a case as 'contested' or 'noncontest-

---

**4.** The trial court denied Davis's fee application based solely on its legal determination that he was not eligible for such an award under § 536.087. "We give no deference to the circuit court's determinations of law and review those *de novo." State ex rel. Pulliam v.*

*Reine,* 108 S.W.3d 148, 153 (Mo.App. W.D. 2003); *see also McIntosh v. LaBundy,* 161 S.W.3d 413, 415 (Mo.App. W.D.2005) (appellate court reviews order granting motion to dismiss for failure to state a claim *de novo* ).

ed' is the requirement of a hearing," a requirement that must be found in substantive law outside chapter 536). The question "is not whether a hearing was actually conducted, but whether one was required by law." *BBCB, LLC v. City of Independence*, 201 S.W.3d 520, 527 (Mo. App. W.D.2006).

Indeed, the statute limits the right to attorneys fees and expenses to only a *subset* of "contested cases"; fees and expenses are only available in *"an adversary proceeding* in a contested case pursuant to this chapter *in which the state is represented by counsel."* § 536.085(1) (emphasis added). While Davis argues that the legislature could simply have used the defined term "contested case" in § 536.087.1 if it had intended to limit fees as the trial court held, that would not have achieved the evident legislative objective: to authorize an award of fees in only *certain proceedings in* "contested cases," when additional conditions were satisfied.

Despite the definition of a "contested case" in § 536.010(4) and the caselaw construing it, Davis argues for a more colloquial understanding of a "contested case":

> Respondents contested the relief sought by Appellant in the writ action and vigorously defended against the same for over a year, thus rendering the proceeding adversarial. Respondents were represented by counsel throughout the writ proceeding, and, after conducting multiple hearings on the record and reviewing sworn testimony and other evidence, the trial court ultimately granted summary judgment to Appellant and ordered Respondents to issue a right-to-sue letter.
>
> Thus, the writ proceeding itself constituted "an adversary proceeding in a contested case pursuant to [Chapter 536]"....

The simple answer to Davis's argument is, of course, that it ignores the specific statu-tory definition of a "contested case" found in § 536.010(4). We are required to apply this statutory definition of the term, whatever meaning the words might have in other contexts or in common understanding. *See, e.g., State v. Harris*, 156 S.W.3d 817, 822 (Mo.App. W.D.2005) (quoting *State ex rel. Nixon v. Estes*, 108 S.W.3d 795, 798 (Mo.App. W.D.2003)). Further, the simple fact that a proceeding is "contested" in the colloquial sense of being "disputed" or "adversarial" does not render the matter a "contested case" for purposes of Missouri's Administrative Procedure Act. *Cade*, 990 S.W.2d at 36 ("The fact that there is some contest between the parties does not, in and of itself, make for a contested case.").

### III.

The underlying agency action Davis challenged here—the Commission's "administrative closure" of its file concerning his discrimination complaint without conducting an investigation, making a probable-cause determination, or issuing a right-to-sue letter—was not a "contested case" within the meaning of § 536.010(4), nor does Davis argue the contrary.

Section 213.075.3 provides that "the executive director shall, with the assistance of the commission's staff, promptly investigate the complaint, and if the director determines after the investigation that probable cause exists for crediting the allegations of the complaint, the executive director shall immediately endeavor to eliminate the unlawful discriminatory practice complained of by conference, conciliation and persuasion." Section 213.111 provides that, if the Commission has not concluded its investigation within 180 days, and the complaining party requests, "the commission shall issue to the person aggrieved a letter indicating his or her right to bring a civil action within ninety days." Neither statute requires a hearing in connection

with Commission investigations, probable-cause determinations, or issuance of right-to-sue letters.[5]

As the circuit court recognized in its order on the merits of Davis's petition, in *State ex rel. Martin–Erb v. Missouri Commission on Human Rights*, 77 S.W.3d 600 (Mo. banc 2002), the Supreme Court recognized that the Commission's probable-cause determinations were reviewable under § 536.150, "by which review may be had *in a noncontested case.*" *Id.* (emphasis added). The Court recognized that "[t]he statute requires a hearing only if 'probable cause' is found, conciliation fails and the MCHR determines to proceed with enforcement." *Id.* at 609 n. 8. While *Martin–Erb* recognizes that such a Commission enforcement proceeding—in which a hearing is expressly required by §§ 213.075.5 to 213.075.10—would be a contested case, *see id.* at 604 n. 3, 605 n. 4, the Court's opinion makes clear that the Commission's prior investigation and probable cause determinations are not contested cases. *Cf. Lipic v. State*, 93 S.W.3d 839, 842–43 (Mo.App. E.D.2002) (determination of probable cause to suspect child abuse by the Child Abuse and Neglect Review Board not a "contested case," and party challenging probable-cause determination accordingly not entitled to attorneys fees under § 536.087); *Vacca v. Admin. Law Judge Review Committee*, 945 S.W.2d 50, 52 (Mo.App. E.D.1997) (Commission's performance of "investigative and fact-finding function" in response to complaint of ALJ misconduct not a "contested case," and therefore accused ALJ not entitled to fees under § 536.087).

Throughout these proceedings Davis was plainly aware that this judicial proceeding arose out of a *non*contested case. Davis's mandamus petition alleged that the Commission's administrative closure of his complaint, and its refusal to issue a right-to-sue letter, "constitute a final decision of an administrative officer which determined the legal rights of Relator within the meaning of R.S. Mo. § 536.150." By its terms, however, § 536.150 only applies to judicial review of *non*contested cases. *See* § 536.150.2 ("Nothing in this section shall apply to contested cases reviewable pursuant to sections 536.100 to 536.140."). Davis's Suggestions in support of his petition acknowledged as much: he specifically argued that the circuit court "has jurisdiction to hear and determine this matter *as a non-contested case* pursuant to R.S. Mo. § 536.150," and specifically noted that *Martin–Erb* held "that the decision of the MCHR's executive director as to whether there is probable cause to believe that discrimination has occurred is reviewable *as a non-contested case* pursuant to R.S. Mo. § 536.150." The circuit court likewise recognized that, under *Martin–Erb*, "the executive director's decision that there is no probable cause is reviewable *as a non-contested case* pursuant to Mo. Rev. State. § 536.150."

The conduct of the litigation on the merits also belies Davis's claim that this was a "contested case." As Davis's Brief itself acknowledges, during the litigation "[d]epositions of the MCHR's executive director and others were taken, and affidavits and sworn discovery answers were submitted by the parties in support of and/or opposition to motions for summary judgment

---

**5.** Section 213.075.3 further provides that the executive director's "investigation, determination of probable cause and conciliation shall be conducted according to such rules, regulations and guidelines as the commission shall prescribe." But Davis points us to nothing in the Commission's rules that would mandate a

formal adversarial hearing in connection with the agency's investigation or probable-cause determination, nor are we aware of any such requirement. *See generally* 8 C.S.R. 60–2.025 (MCHR regulation governing investigation, probable-cause determination, and conciliation efforts).

filed by the parties." " 'In *noncontested* cases the circuit court conducts a *de novo* review in which it hears evidence on the merits of a case, makes a record, determines the facts, and decides whether, in view of those facts, the [agency's] decision is unconstitutional, unlawful, unreasonable, arbitrary, capricious, or otherwise involves an abuse of discretion as set out in § 536.150.1.' " *State ex rel. Crowe v. Mo. State Hwy. Patrol,* 168 S.W.3d 122, 126 (Mo.App. W.D.2005) (emphasis added) (quoting *State ex rel. Stewart v. Civil Serv. Comm'n of St. Louis,* 120 S.W.3d 279, 283 (Mo.App. E.D.2003)); *see also Furlong Cos. v. City of Kansas City,* 189 S.W.3d 157, 165 (Mo. banc 2006) ("In the review of a non-contested decision, the circuit court does not review the administrative record, but hears evidence, determines facts, and adjudges the validity of the agency action."). In *contested* cases, by contrast, judicial review is generally limited to the record developed before the agency. *Id.*; *Cade v. State,* 990 S.W.2d 32, 37 (Mo.App. W.D.1999); *see generally* § 536.140. The fact that Davis conducted discovery and submitted new evidence to the circuit court, and that the court made its own independent findings of facts, provides further confirmation (if any were needed) that the underlying agency action was not a "contested case."

Because the underlying MCHR investigation and file closure was not a "contested case," the mandamus proceeding could not be a "civil action arising [ ]from" an "agency proceeding." Davis cites this Court's decision in *State ex rel. Division of Transportation v. Sure–Way Transportation, Inc.,* 948 S.W.2d 651 (Mo.App. W.D. 1997), to claim that the mandamus action *itself* could constitute an "agency proceeding." But *Sure–Way* is plainly distinguishable: it found that a civil penalty action filed in circuit court "ar[o]se from" a

contested case before the Public Service Commission, in that the court action " "was an extension and second step to' " the underlying contested PSC case. *Id.* at 657 (citation omitted). Davis can point to no similar, underlying contested administrative proceeding here.

## IV.

■ In his second Point, Davis argues that we must "broadly construe" § 536.087 in his favor, "in a manner consistent with the broad public purposes and legislative intent behind Mo.Rev.Stat. § 536.087." As Davis himself argues, however, "[t]he primary rule of statutory construction requires a court to determine legislative intent by considering the plain and ordinary meaning of words used in the statute." *Kinder v. Mo. Dep't of Corr.,* 43 S.W.3d 369, 372 (Mo.App. W.D.2001). "When the language of a statute is clear and unambiguous, there is no room for construction." *Id.* As we have explained above, the plain text of the relevant statutes defeats Davis's claim for attorneys fees and expenses incurred in the underlying mandamus proceeding.

We have no power to expand the legislature's specification of the circumstances in which attorneys fees and expenses are recoverable from the State (and, by negative implication, the circumstances in which they are not). As another court has observed:

> To the point that courts could achieve "more" of the legislative objectives by adding to [a statute's coverage], it is enough to respond that statutes have not only ends but also limits. A court's job is to find and enforce stopping points no less than to implement other legislative choices.

*Edward Hines Lumber Co. v. Vulcan Materials Co.,* 861 F.2d 155, 157 (7th Cir.1988) (citation omitted).[6]

---

**6.** Because we affirm the trial court's determination that Davis did not satisfy § 536.087's

## IV.

The circuit court's Order and Judgment dismissing Davis's Application for Fees and Expenses is affirmed.

All concur.

threshold criteria for an award of fees, his third Point (which asks this Court to determine in the first instance whether the Com-

mission's litigation position was "substantially justified") is moot.